# STATE OF FLORIDA v WILLIAMS
## Case No. 87-5044 CA-01-F
Seventh Judicial Circuit, Volusia County

January 27, 1989

### APPEARANCES OF COUNSEL

**Larry E. Sikes,** for appellant.

**Nathan G. Dinitz,** for appellant.

### OPINION OF THE COURT

WILLIAM C. JOHNSON, JR., Circuit Judge.

This cause comes before the Court on appeal from a ruling of the County Court of Volusia COunty that found Florida Statute 403.413 unconstitutional and granted a Motion to Dismiss on a charge of littering.

The Court notes at the outset that there was also pending before the County Court a Motion to Dismiss under Florida Rules of Criminal Procedure Rule 3.190(c)(4). The fact that were presented in the trial court on the constitutional motion to dismiss would also form the factual basis for the motion under Rule 3.190. Both motions were

founded on the same facts. The trial court elected to hear the motions as if they were separable and found the statute unconstitutional and declared the 3.190 motion to be moot. The State has appealed that ruling.

The trial judge in his order correctly stated that courts must proceed with caution when considering the facial constitutionality of a statute. Courts historically have been enjoined to exercise great restraint and circumspection in dealing with constitutional matters.

Traditionally, courts have by jurisprudence custom and precedent been enjoined to avoid ruling on constitutional questions whenever a can can be decided on other grounds. Trial courts have been constrained and encouraged to follow the judicial principle that constitutional questions concerning be addressed only where it is essential to the determination of a case and that the case cannot be decided on other grounds.

However, the lower court ruled on the constitutional issue first and the State appealed that ruling that held the statute unconstitutional. That constitutional issue is now being presented to this Court for appellate review and determination of the correctness of the trial Judge's ruling. This Court finds that it has no alternative but to consider the sole issue on appeal.

The trial Judge did not find the statute vague as appellee argues. The trial Judge's order only found that the statute was constitutionally overbroad and "would and does lead to arbitrary and selective enforcement." The Court noted that the proscribed conduct was very clear.

The Court finds from its review of the briefs and the arguments and authorities set out therein that Florida Statute 403.413 is not unconstitutionally overbroad and holds it to be a constitutional statute.

The Court further finds that the facts of this case brought under this statute are subject to attack under Rule 3.190, Florida Rules of Criminal Procedure.

The order and decision of the trial court is accordingly reversed and this cause is remanded for further proceedings in accordance with this opinion.

REVERSED and REMANDED.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida, this 27th day of January, 1989.